UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VINCENT HOWARD,

    Petitioner,

v.                                        CASE NO. 6:07-cv-1292-Orl-31KRS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6). Petitioner filed a reply to the response (Doc. No. 8).

Petitioner alleges one claim for relief in his habeas petition, that his sentence violates the Fourteenth Amendment to the Constitution. For the following reasons, the petition is denied.

### I.    *Procedural History*

Petitioner pled no contest to robbery with a firearm and was sentenced to a fifteen-year term of imprisonment to be followed by ten years of probation. After his release from

prison, Petitioner was charged with violating the terms of his probation. Petitioner entered a plea of guilty to violating his probation. The state trial court sentenced Petitioner to a thirteen-year term of imprisonment with credit for time served. Petitioner did not appeal his conviction or sentence.

Petitioner filed a motion to correct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. The state trial court granted relief and gave Petitioner additional credit for time served. Petitioner did not appeal.

Petitioner filed a second Rule 3.800(a) motion. The state trial court denied the motion. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner then filed a state habeas petition. The Fifth District Court of Appeal of Florida denied the petition.

II.     *Analysis*

Petitioner asserts that his sentence for violation of probation violates the Fourteenth Amendment to the Constitution. Respondents assert that this claim is procedurally barred from review by this Court. In support of their contention, Respondents maintain that Petitioner raised this claim in his state habeas petition and the state appellate court denied the claim as procedurally barred.

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass

3

upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). "'Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)) (determining that the petitioner exhausted certain claims on direct appeal even though he failed to indicate that the claims were to be reviewed under the Federal Constitution, because he provided sufficient information about the claims (including cites to Supreme Court cases) to notify the state courts that the issues were raised on both state and federal grounds.). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The record indicates that Petitioner raised the instant claim in his state habeas petition. The state appellate court denied the claim as procedurally barred. (App. GG) (citing *Mills v. Singletary*, 606 So. 2d 622, 623 (Fla. 1992) (holding "[h]abeas corpus cannot 'be used "for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have, should have, or have been raised in" prior postconviction filings.'")). Accordingly, the Court must deny
4

this claim as procedurally barred unless Petitioner establishes one of the two exceptions to the procedural default rule.

First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown the applicability of the actual innocence exception. *See Sibley v. Culliver*, 377 F.3d 1196, 1206 n.8 (11th Cir. 2004) (noting that the United States Supreme Court has not extended the actual innocence exception to sentencing claims except in the context of capital sentencing proceedings). A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, this claim is procedurally barred and must be denied.[1]

---

[1]Additionally, to the extent this claim relates to improper sentencing, this Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc No. 1, August 15, 2007) filed by Vincent Howard is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 12th day of March, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 3/12
Counsel of Record
Vincent Howard

---

protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). This claim is based exclusively on state law matters that are merely "couched in terms of equal protection and due process." *Willeford*, 538 F.2d at 1198. Because this claim raises matters of state law only, it would be denied if not deemed to be procedurally barred.